# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SEAN DION ROSS,<br>Inmate Booking No. 18172404,<br>          Plaintiff,<br>v.<br>SAN DIEGO COUNTY; SAN DIEGO POLICE DEP'T; UNDERCOVER OFFICERS,<br>          Defendants. | Case No. 19-cv-0136-BAS-LL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT SUA SPONTE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) & § 1915A** |
|---|---|

  Sean Dion Ross ("Plaintiff"), currently housed at the George Bailey Detention Facility ("GBDF") and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages against the San Diego Police Department ("SDPD") and several unknown SDPD officers. (*See* ECF No. 1, Compl. at 1–2.) Plaintiff claims officers violated his Fourth Amendment rights during his July 11, 2018 arrest and he spent "3 days for no reason" in the San Diego County Jail. (*Id.* at 3.) He seeks $30,000 in both general and punitive damages. (*Id.* at 7.) Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint. Instead, he has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF

No. 2.) For the reasons herein, the Court grants Plaintiff's motion to proceed IFP and dismisses the Complaint for failure to state a claim.

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP motion, Plaintiff has submitted a prison certificate authorized by a San Diego County GBDF Facility Commander. (*See* ECF No. 2 at 4); 28 U.S.C. § 1915(a)(2); S.D. CAL. CIV. L.R. 3.2; *Andrews*, 398 F.3d at 1119. This certificate attests that Plaintiff carried an average monthly balance of $45.36 and had average monthly deposits of $174.00 to his account over the 6-month period immediately preceding the filing of his Motion. At the time of filing, Plaintiff had an available balance of $90.72. (*See* ECF No. 2 at 4.) Thus, the Court grants Plaintiff's motion to proceed IFP and assesses his initial partial filing fee to be $34.80 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Facility Commander of GBDF, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

**A.      Standard of Review**

A complaint filed by any person proceeding *in forma pauperis* is subject to *sua*

*sponte* dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Although the court "ha[s] an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ.*

*of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.     Discussion**

    **1.     Factual Allegations**

Plaintiff claims he was approached on July 11, 2018 by a "young lady and a young man" who asked Plaintiff if he was selling drugs. (Compl. at 3.) Plaintiff alleges the "young man" told Plaintiff "he was looking to purchase 20 dollars' worth of methamphetamine." (*Id*.) Plaintiff asked him for identification but the man refused and "walks off down the street" followed by the "young lady." (*Id*.) Plaintiff continued to walk to his "destination when [he] was pulled over by the San Diego Police." (*Id*.) Plaintiff claims that he was told by the unnamed SDPD officer that he was being arrested for a "drug deal that [Plaintiff] was involved in." (*Id*.) The "arresting officer found targeted mark money on the young lady." (*Id*.) Plaintiff was taken to the "San Diego Police Station where [Plaintiff] waited 2 to 4 hours in the back of a police car." (*Id*.) Plaintiff claims that the "young lady was questioned about [Plaintiff's] involvement in the drug deal and she told the officer what he already knew, that [Plaintiff] had nothing to do with her selling the undercover drugs." (*Id*.) Plaintiff was transported to the San Diego County Jail where he "stayed 3 days for no reason and released with no charges." (*Id.*)

    **2.     42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

First, to the extent Plaintiff names the SDPD as a Defendant, he fails to state a claim upon which Section 1983 relief may be granted. Departments of municipal entities are not

"persons" subject to suit under Section 1983; therefore, a local law enforcement department (like the SDPD) is not a proper party. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995–96. The SDPD is managed by and/or a department of the City of San Diego, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Plaintiff cannot pursue any Section 1983 civil rights claims against the SDPD. *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12,

6
19cv136

2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

To the extent Plaintiff intends to assert a claim against the County or City of San Diego itself, his allegations are also insufficient. A municipal entity is liable under Section 1983 only if Plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County and City of San Diego may not be held vicariously liable under Section 1983 simply based on allegedly unconstitutional acts of its employees. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

### 3. Fourth Amendment Claims – Unidentified Officers

Plaintiff also claims that several unidentified SDPD officers violated his constitutional rights when they arrested him and subjected him to "unlawful detainment" on July 11, 2018. (Compl. at 3.)[2]

---

[2] Plaintiff also invokes his right to "freedom from cruel and unusual punishment," (Compl. at 3), but claims relating to police conduct during an arrest must be analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Estate of Lopez ex rel. Lopez v. Torres*, 105 F. Supp. 3d 1148, 1155 (S.D. Cal. 2015); *see also Pierce v. Multnomah Cty.*, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment "sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest."); *Nuno v. Reyes,* No. 1:18-cv-0263-DAD-SKO, 2018 WL 1795982, at *3 (E.D. Cal. Apr. 16, 2018).

The Fourth Amendment prohibits "unreasonable searches and seizures," and "reasonableness is always the touchstone of Fourth Amendment analysis." *Birchfield v. North Dakota,* 136 S. Ct. 2160, 2186 (2016). Reasonableness is generally assessed by carefully weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner,* 471 U.S. 1, 8 (1985) (internal quotation marks omitted); *Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1546 (2017); *Zion v. Cty of Orange*, 874 F.3d 1072, 1075 (9th Cir. 2017) (citing *Graham v. Connor*, 490 U.S. 368, 388 (1989)).

As currently pleaded, Plaintiff's Complaint fails to allege facts to show how or why the unidentified SDPD deputies he seeks to sue lacked probable cause for his seizure. His pleading offers no further "factual content that allows the court to draw the reasonable inference" that any individual person acted unlawfully under the circumstances. *See Iqbal*, 556 U.S. at 678 (noting that while Plaintiff need not plead "detailed factual allegations," in order to state a plausible claim for relief, he must provide "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusations.") (citation omitted).

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cnty*., 693 F.3d 896, 918 (9th Cir. 2012) (quoting *Dubner v. City & Cnty. of San Francisco,* 266 F.3d 959, 964 (9th Cir. 2001)). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004). "[T]he determination of probable cause is based upon the totality of the circumstances known to the officers at the time" of the arrest. *Id.*; *see also Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest

the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Plaintiff alleges no facts to plausibly suggest Defendants lacked probable cause to arrest him on July 11, 2018. *Lacey*, 693 F.3d at 918; *Iqbal*, 556 U.S. at 678. The validity of an arrest, "does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) (citations omitted); *Beauregard v. Wingard*, 362 F.2d 901, 903 (9th Cir. 1966) ("[W]here probable cause does exist civil rights are not violated by an arrest even though innocence may subsequently be established."); *see also Sanchez v. Arpaio*, No. cv-09-1150-PHX-LOA, 2010 WL 3938353, at *7 (D. Ariz. Oct. 5, 2010) ("[T]he fact that the disorderly conduct charge against Plaintiff was later dismissed … [is] not relevant to determining the existence of probable cause at the time of arrest.").

Finally, before he can state *any* Fourth Amendment violation against the SDPD officers he seeks to sue under § 1983, Plaintiff must identify them by name. An effective summons cannot issue in an IFP proceeding for use by the U.S. Marshal who may be charged with effecting its service pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d) until and unless Plaintiff's pleading survives the initial screening required by 28 U.S.C. § 1915(e)(2), and it names the individual persons whom he claims are liable. *See Aviles v. Vill. of Bedford Park,* 160 F.R.D. 565, 567 (N.D. Ill. 1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, No. cv 18-00249 DKW-KJM, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018).

For these reasons, the Court finds Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See Lopez*, 203 F.3d at 1126–27; *Rhodes*,

9

621 F.3d at 1004.

## CONCLUSION & ORDER

For the foregoing reasons, the Court hereby:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Facility Commander of GBDF, or his designee, to collect from Plaintiff's trust account the $34.80 initial filing fee assessed, if those funds are available at the time this Order is executed, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, George F. Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California 92158.

4. **DISMISSES** this civil action *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) for failing to state a claim upon which Section 1983 relief can be granted.

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. **Plaintiff must file this amended pleading no later than March 18, 2019**. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint by the foregoing deadline, the Court will enter a final Order closing this case based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

**DATED: January 31, 2019**

Hon. Cynthia Bashant
United States District Judge